UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v -

BRANDON SHAW and MARLON CAMPBELL,

Defendants.

S2 06 CR 41 (CM)

---

DECISION AND ORDER DENYING DEFENDANT CAMPBELL'S RECUSAL MOTION

McMahon, J.:

Defendants Brandon Shaw and Marlon Campbell were convicted after trial of *inter alia* participating in a conspiracy to distribute 1000 kilograms and more of marijuana and committing murder in furtherance of that conspiracy. Defendants are scheduled to be sentenced on April 29, 2009.

Defendant Campbell's attorney, Paul Madden, has tendered a motion prepared by Mr. Campbell, asking the Court to recuse itself from further dealings in this matter. Campbell argues that during the course of this matter, the Court exhibited bias in favor of the Government and against him. (Campbell Recusal Motion, Not Dated). In his affidavit in support of his motion, Campbell accuses the Court of: preventing defendant from testifying at trial; altering the trial transcripts to favor the Government; signing an order to produce Campbell's codefendant from prison so that the United States Attorney could try to get the codefendant to testify against Campbell; yelling at defendant and his attorney; and improperly denying defendant's post trial motions. (Campbell Recusal Motion, Exhibit A – Campbell Affidavit). Mr Madden states in a cover letter to Campbell's motion that: "In order to avoid clouded perceptions that defendant urges that a different Judge decide this motion, unless Your honor is inclined to grant it." (Letter from Paul Madden dated April 20, 2009).

The statute governing recusal states that, "Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C.A. § 455(a). A district judge has discretion "in the first instance to determine whether to disqualify himself." See In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir.1988), cert. denied, 490 U.S. 1102 (1989). Recusal is appropriate if "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal." Diamondstone v. Macaluso, 148 F.3d 113, 121 (2d Cir.1998) (quoting United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir.1992) (citations omitted)). Recusal based upon a judge's comments and opinions is warranted only if the particular comments and opinions demonstrate "such

a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 544 (1994). The recusal decision requires that the district court "carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid" the adverse consequences of his expected adverse decisions. See In re Drexel Burnham Lambert Inc., 861 F.2d at 1312.

As a threshold matter, defendant's request to have another judge decide this motion, "unless the Court is inclined to grant the motion," is denied. Whether this Court should recuse itself in this case is, "in the first instance," a decision for this Court (see In re Drexel Burnham Lambert Inc., 861 F.2d at 1312)– even if the Court is not inclined to grant the motion.

Campbell's statements in his affidavit in support of his argument that the Court is biased against him are total fabrications. Campbell's allegation that the Court prevented him from testifying is absolutely baseless. Defendant's decision not to testify was made by defendant– presumably on the advice of counsel. The Court played no role in that decision making process and in no way impeded defendant's Constitutional right to testify at his trial. Equally baseless is Campbell's suggestion that by signing a production order for his codefendant to be produced to the United States Attorney's Office, the Court was working with the United States Attorney to get his codefendant to cooperate against him. With respect to the trial record, the Court did not "change information on the trial transcript in favor of the Government." As for Campbell's *pro se* Rule 29/33 motion, that motion was – much like defendant's present motion – totally without merit and, therefore, summarily denied.

Defendant motion for the Court to recuse itself from this matter is denied. The Court will sentence defendant.

April 23, 2009

*[signature]*

Colleen McMahon
U.S.D.J.

BY ECF AND BY FAX TO ALL COUNSEL

2